**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **METLIFE, INC.,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 15-0045 (RMC) |
| **FINANCIAL STABILITY OVERSIGHT COUNCIL,** | ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

On appeal in the present case, the D.C. Circuit held that Section 5322(d)(5)(A) of the Dodd-Frank Wall Street Reform and Consumer Protection Act does not categorically foreclose Intervenor Better Markets, Inc.'s (Better Markets) request to unseal redacted portions of the record. *See MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661 (D.C. Cir. 2017). On remand, this Court's task is to apply the six-factor test set forth in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), to determine whether those materials should remain sealed. To assist the Court in determining next steps in light of the D.C. Circuit's opinion, the Court directed Plaintiff MetLife, Inc. (MetLife), Defendant Financial Stability Oversight Council (FSOC), and Better Markets to submit a joint status report. *See* Mandate [Dkt. 117]; Minute Order (Oct. 4, 2017). The parties disagree as to next steps. While MetLife and FSOC propose that the Court set a briefing schedule, Better Markets proposes several steps prior to briefing, including the filing of detailed privilege logs by MetLife and FSOC. *See* Joint Status Report [Dkt. 118] (Status Rpt.). The Court concludes that these steps are unnecessary and would unduly delay resolution.

Better Markets proposes that, prior to setting a briefing schedule, the Court (1) require MetLife and FSOC to reevaluate whether any sealed or redacted documents can be made public, (2) require MetLife and FSOC to publicly file detailed privilege logs, (3) designate a magistrate judge to conduct a detailed review of all sealings and redactions, and (4) appoint an independent counsel "to argue for the public interest in having the disputed documents unsealed to the maximum extent possible under the *Hubbard* factors." Status Rpt. at 6-7. The thrust of Better Markets' argument is that it needs more information to apply the *Hubbard* test to the instant case. Better Markets contends that only "a generic analysis of the *Hubbard* factors" is possible without more detailed information regarding the sealed and redacted documents. *Id.* at 9-10. It also notes that the D.C. Circuit instructed this Court to "supply its reasoning 'with specific reference to the particular documents or group of documents to which each reason is applicable.'" *Id.* at 5-6; *see also MetLife*, 865 F.3d at 675.

The Court agrees with MetLife and FSOC that the proposals set forth by Better Markets are not necessary to proceed according to the D.C. Circuit's mandate. A review of the *Hubbard* factors confirms that all parties do not need detailed information about each sealed document or redacted passage in order to brief the Court on how the *Hubbard* factors might apply to each "group of documents" under consideration—as this Court is now called upon to do. *MetLife*, 865 F.3d at 675. For example, the first of the six *Hubbard* factors requires that the Court consider "the need for public access to the documents at issue." *Hubbard*, 865 F.3d at 665. Certainly, Better Markets can make specific arguments about the value of public access to the groups or types of documents at issue, or to the record as a whole based on the nature and subject matter of this case. Better Markets need not make document-specific arguments in order to make its point. Particularly in light of the burden that the privilege logs and other steps requested by

Better Markets would place on the parties, the Court does not believe that these steps are necessary for the parties to brief the Court fully on the *Hubbard* analysis.

Accordingly, the Court directs the parties to proceed to briefing on the questions presented on remand. It is hereby **ORDERED** that:

1. No later than **December 20, 2017**, Better Markets shall file its Opening Brief.

2. No later than **January 31, 2018**, MetLife and FSOC shall file their Responses.

3. No later than **February 14, 2018**, Better Markets shall file its Reply Brief.

Date: November 8, 2017

/s/
ROSEMARY M. COLLYER
United States District Judge
