UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **METLIFE, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-cv-45 (RMC) |
| | ) | |
| **FINANCIAL STABILITY** | ) | |
| **OVERSIGHT COUNCIL,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

Having settled this matter while it was pending on appeal before the Circuit Court for the District of Columbia Circuit,[1] MetLife, Inc., and the Financial Stability Oversight Council (FSOC) ask this Court to vacate its Opinion and Order of March 30, 2016, in part, insofar as they (1) require FSOC to consider the attendant costs as well as the presumed benefits to be obtained from designating a nonbank entity as a systemically important financial institution (SIFI); and (2) grant relief to MetLife on Count VII of its Complaint.  *See* Joint Mot. to Vacate in part March 30, Order and Opinion [Dkt. 122] (Mot. to Vacate); *see also* Order [Dkt. 105]; Opinion at 28-33 [Dkt. 106] (subsection headed, "The Agency Ignored a Relevant Consideration: Cost").  This case originated when MetLife challenged its designation by FSOC under the Dodd-Frank Wall

---

[1] *See* Joint Stipulated Motion to Voluntarily Dismiss Appeal, No. 16-5086 [Dkt. 1713600] (D.C. Cir. Jan. 18, 2018); Order, No. 16-5086 [Dkt. 1714216] (D.C. Cir. Jan. 23, 2018) (dismissing the case).

1

Street Reform and Consumer Protection Act, Pub. L. 111-203, 124 Stat. 1376 (2010), as a nonbank financial company whose material financial distress could pose a threat to the financial stability of the United States.

Rule 60(b)(6), under which the parties filed the Motion to Vacate, provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for . . . any [] reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The parties submit that their agreement to file the instant motion in connection with their settlement constitutes a reason justifying relief because voluntary settlement has long been favored by the courts. *See Am. Security Vanlines, Inc. v. Gallagher*, 782 F.2d 1056, 1060 (D.C. Cir. 1986); *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 176 (D.D.C. 2007), *aff'd*, No. 07-5328, 2008 WL 4068606 (D.C. Cir. Mar. 17, 2008).[2] In addition, "[g]ranting the motion would further the interests of voluntary settlement by providing FSOC with a benefit it hoped to gain by entering into the settlement and dismissing its appeal." Mot. to Vacate at 2.

In considering the motion, the Court takes judicial notice of the Presidential Memorandum for the Secretary of the Treasury Issued on April 21, 2017, which ordered the Secretary to "conduct a thorough review of the FSOC determination and designation processes under section 113 (12 U.S.C. 5323) and section 804 (12 U.S.C. 5463) of the Dodd-Frank Act and provide a written report" within 180 days. Memorandum for the Secretary of the Treasury, Financial Stability Oversight Council (Apr. 21, 2017), https://www.whitehouse.gov/presidential-actions/presidential-memorandum-secretary-treasury/ (last visited Feb. 28, 2018). The Court further takes judicial notice of Treasury's Report to the President of the United States Pursuant to

---

[2] The parties also note that "MetLife joins this motion pursuant to its agreement with FSOC to file a joint motion to dismiss the appeal." Mot. to Vacate at 2 n.1.

the Presidential Memorandum Issued April 21, 2017, dated November 17, 2017 and containing the Secretary's recommendations on FSOC determination and designation processes. *See* Report to the President of the United States Pursuant to the Presidential Memorandum Issued April 21, 2017, Financial Stability Oversight Council Designations (Nov. 17, 2017), https://www.treasury.gov/press-center/press-releases/Documents/PM-FSOC-Designations-Memo-11-17.pdf (last visited Feb. 28, 2018). Therein, the Secretary recommended that "FSOC should revise its guidance to provide that FSOC will conduct a cost-benefit analysis as part of its analyses, and FSOC should only designate a company if the expected benefits to financial stability outweigh the costs of designation." U.S. Dept. of the Treasury, Treasury Releases Memorandum to the President on FSOC's Designation Processes for Nonbank Financial Companies and Financial Market Utilities (Nov. 17, 2017), https://www.treasury.gov/press-center/press-releases/Pages/sm0218.aspx (last visited Feb. 28, 2018). Steven Mnuchin, Secretary of the Treasury, commented in a statement, "Our recommendation would directly address the concerns identified by the district court in the MetLife case." U.S. Dept. of the Treasury, Secretary Statements & Remarks, Secretary Mnuchin Statement on the MetLife, Inc. v. Financial Stability Oversight Council Appeal (Jan. 18, 2018), https://home.treasury.gov/news/press-releases/sm0254 (last visited Feb. 28, 2018).

In reaching its decision herein, this Court studied *Michigan v. Environmental Protection Agency*, 135 S. Ct. 2699, 2707 (2015), and compared its analysis of certain terms in the Clean Air Act, 42 U.S.C. § 7412(n)(1)(A) (providing that power plant regulation must be "appropriate and necessary"), to similar terms in Dodd-Frank. *See* 12 U.S.C. § 5323(a)(2)(K) (providing for consideration of "any other risk-related factors that the Council deems appropriate"). *See* Opinion at 29-33. The Supreme Court found that cost is a "centrally relevant

factor when deciding *whether to regulate*" (emphasis added), as FSOC was deciding here vis-à-vis MetLife, and that "[c]onsideration of cost reflects the understanding that reasonable regulation ordinarily requires paying attention to the advantages *and* the disadvantages of agency decisions." *Michigan v. EPA*, 135 S. Ct. at 2707.  This Court also found that the cost of designation was a risk-related factor.  Opinion at 31-33.

The Court finds no reason to vacate the relevant holding of its Opinion or its Order on Count VII.  *See* Fed. R. Civ. P. 60(b)(6) (providing that the Court may relieve a party from a final order for any "reason that justifies relief").  Moreover, given that the parties have already settled, there is no reason for the Court to take further action in the interests of promoting voluntary settlement.  The Secretary might prefer to act as a matter of his discretion while this Court has found consideration of both costs *and* benefits to be legally required by *EPA v. Michigan*.  This Court is one of 94 United States District Courts, comprising several hundred judges, and its Opinion is not binding on others; the Opinion stands on its own persuasive value, to the extent it has any.  That it might be cited in future litigation is not a reason to vacate it.

The Joint Motion to Vacate in Part March 30, 2016 Order and Opinion [Dkt. 122] is **DENIED**.

Date: February 28, 2018

                                                              /s/
                                      ROSEMARY M. COLLYER
                                      United States District Judge